UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

HAROLD WAYNE REYNOLDS,        )
                              )
            Petitioner,       )
                              )
       v.                     )   No. 1:17-cv-03523-JMS-MJD
                              )
STAN KNIGHT, Warden, Plainfield )
  Correctional Facility,      )
                              )
            Respondent.[1]    )

**Entry Denying Petition for a Writ of Habeas Corpus
and Denying Certificate of Appealability**

For the reasons explained in this Entry, Harold Wayne Reynolds' petition for a writ of habeas corpus is denied. In addition, the Court finds that a certificate of appealability should not issue.

**I. The Petition for Writ of Habeas Corpus**

**A. Background**

Reynolds is a state prisoner incarcerated at Plainfield Correctional Facility. He is currently serving an eighteen year sentence for burglary.

---

[1] Effective July 1, 2017, Senate Enrolled Act 387 changed the title of the heads of Indiana penal facilities and correctional institutions from "superintendent" to "warden." See Pub. L. No. 67-2017, §§ 1–20, 2017 Ind. Acts 241, 241–52. The **clerk is directed** to update the docket sheet to reflect that the respondent is Reynolds' current custodian.

On January 27, 2014, the State of Indiana charged Reynolds with burglary, as a Class C felony, attempted theft, as a Class D felony, and resisting law enforcement, as a Class A misdemeanor. The State also alleged Reynolds to be a habitual offender.

Reynolds' jury trial commenced on May 27, 2014. At the close of the State's evidence, the resisting law enforcement charge was dismissed. On May 28, 2014, the jury returned guilty verdicts on the burglary and attempted theft charges. Reynolds then admitted to being a habitual offender. On June 25, 2014, the trial court found that the burglary merged with attempted theft and entered a judgment of conviction on the burglary charge. The court also found Reynolds to be a habitual offender. Reynolds was sentenced to six years in the Indiana Department of Correction for burglary, enhanced by twelve years due to the habitual offender determination. *See Reynolds v. State*, 73A01-1407-CR-314 (Ind. Ct. App. June 5, 2015) (Memorandum Decision) at dkt. 7-5.

Reynolds appealed to the Indiana Court of Appeals. On June 5, 2015, that court affirmed Reynolds' conviction and sentence. Reynolds did not file a petition to transfer to the Indiana Supreme Court.

Reynolds filed a petition for post-conviction relief in state court on September 22, 2015. That petition was denied by the post-conviction court on October 19, 2016. Reynolds did not appeal.

Reynolds filed the instant petition for a writ of habeas corpus in this Court on October 2, 2017.

## B. Discussion

Reynolds challenges his state-court conviction and sentence on the grounds that he received ineffective assistance of counsel. The respondent argues that Reynolds' petition must be denied because it is untimely. For the reasons explained below, this Court agrees that Reynolds'

petition is untimely and that his petition for a writ of habeas corpus must be dismissed with prejudice.

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). Along with triggering dates not applicable here, "[u]nder 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

The Indiana Court of Appeals affirmed Reynolds' conviction on June 5, 2015. He had 30 days to petition to transfer to the Indiana Supreme Court. He failed to do so. Thus, the one-year clock started to run when his conviction became final on Monday July 6, 2015. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) ("[T]he judgment becomes final . . . when the time for pursuing direct review . . . expires.").

Reynolds' clock ran for 77 days, until he filed a petition for post-conviction relief on September 22, 2015. See 28 U.S.C. § 2244(d)(2) (tolling the statute of limitations while state post-conviction review is pending). The trial court denied Reynolds' petition on October 19, 2016. Reynolds' clock ran for another 347 days until he filed his petition for a writ of habeas corpus on October 2, 2017. All told, Reynolds waited 424 days to file his petition, missing the statute of limitations by 59 days.

Reynolds does not dispute these time calculations, nor does he contend that he is entitled to equitable tolling on any basis. Therefore, the petition for a writ of habeas corpus must be **dismissed with prejudice**. *See Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (*per curiam*).

### C. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). Reynolds has encountered the hurdle produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore denied with prejudice.

Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Reynolds has failed to show that reasonable jurists would find "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 4/19/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

HAROLD WAYNE REYNOLDS
976636
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov